United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERICSSON OMAR ALVARADO RODRIGUEZ,

Petitioner,

v.

NATHAN ALLEN, *et al*.,

Respondents.

Case No. 1:26-cv-04675-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

This matter is before the Court on Petitioner Ericsson Omar Alvarado Rodriguez's Petition for Writ of Habeas Corpus. ECF No. 1. Respondents filed a motion to dismiss (ECF No. 5) and Petitioner replied (ECF No. 6). For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

## I. BACKGROUND

This matter arises out of Petitioner's challenge to his prolonged civil immigration detention, which has now surpassed ten months. *See* ECF No. 1 ¶¶ 23, 26. Petitioner was ordered removed to El Salvador in 2010 after being physically beaten because of his sexual orientation. *Id.* ¶ 20. He re-entered the United States in 2011 without detection after receiving threats from MS-13. *Id.* ¶ 21. He has lived in United for the last fifteen years, and is now married to a United States citizen with whom he owns a home in Sacramento, California. *Id.* ¶¶ 21, 36. He has also worked in the United States since his arrival, paid taxes every year, and has no criminal history in either the United States or El Salvador. *Id.* ¶¶ 36, 41.

On October 15, 2025, the U.S. Department of Homeland Security ("DHS") detained Petitioner outside his home pursuant to a reinstated order of his 2010 removal. *Id.* ¶¶ 22, 35. Following his arrest, Petitioner claimed a fear of returning to his home country, received a positive

determination of reasonable fear of persecution or torture if removed to El Salvador from an immigration officer, and was referred to the immigration court for withholding only proceedings, permitting him to apply for withholding of removal to El Salvador. *Id.* ¶¶ 23, 24. Following the referral to the immigration court, he timely filed his application for withholding of removal. *Id.* ¶ 24. Based on the record before the Court, Petitioner has yet to have an individual merits hearing on his withholding of removal application. *See id.* ¶¶ 24–26; ECF No. 6 at 3–4.

Petitioner now challenges the constitutionality of his civil detention on the grounds that it violates due process and 8 U.S.C. § 1231. ECF No. 1 ¶¶ 72–84.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Both Parties agree that Petitioner's detention is controlled by 8 U.S.C. § 1231(a), however, they appear to disagree over the appropriate subsection, and whether this Court retains jurisdiction to grant relief. Respondents argue that Petitioner's detention is mandatory under § 1231(a)(5), and that the Court lacks jurisdiction under 8 U.S.C. § 1252(g) to consider the petition. In response, Petitioner argues that this Court retains jurisdiction to consider his due process claim challenging his prolonged detention, and that detention under these circumstances is discretionary under § 1231(a)(6), allowing for his release.

Petitioner is correct on both fronts. Section 1252(g) only bars review of the decision to commence removal proceedings, adjudicate cases, or execute removal orders. *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999. A petition challenging the lawfulness of immigration detention—as this one does here—contests only the legality or duration of confinement, and not the decision to remove petitioner. "[S]uch a challenge falls within the court's habeas jurisdiction under 28 U.S.C. § 2241." *Jonathan V.F. v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-03150-MWJS, 2026 WL 1508362 (E.D. Cal. May 29, 2026) (finding that the court retained jurisdiction to consider petitioner's habeas claim even though he was subject to a final order of removal under § 1231(a)(5) and in withholding only proceedings).

Further, Petitioner's detention is controlled by § 1221(a)(6), not § 1231(a)(5) as Respondents argue. Indeed, the plain text of § 1231(a)(5) does not concern detention at all:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). This section allows the Government to reinstate a prior order of removal, but says nothing about the procedures with respect to detaining an individual subject to a reinstated order of removal. Detention authority under these circumstances flows from §§ 1231(a)(2) and (a)(6).

As the Supreme Court recognized in *Johnson v. Guzman Chavez*, during the 90-day removal period, "detention is mandatory" under § 1231(a)(2). 594 U.S. 523, 528 (2021). The removal period may be extended under § 1231(a)(6) beyond 90 days, but the Supreme Court has "'read an implicit limitation' into the statute 'in light of the Constitution's demands,' and has held that an alien may be detained only for 'a period reasonably necessary to bring about that alien's removal from the United States.'" *Johnson*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). "[A] period reasonably necessary to bring about the alien's removal from the United States is presumptively six months[,]" and "[a]fter that point, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the

Government must either rebut that showing or release the alien." *Id*. (quoting *Zadvydas*, 533 U.S. at 701).

Petitioner has been detained well past the presumptively reasonable six-month period, and the Court finds that he has shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. An immigration officer already found Petitioner has a reasonable fear of persecution or torture if removed to El Salvador, permitting his presently pending applications for withholding of removal. ECF No. 1 ¶ 23. "A pending application in which a petitioner has requested withholding of removal supports a finding that there is not a significant likelihood of removal in the reasonably foreseeable future." *Rodriguez v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-00694-DAD-CKD, 2026 WL 770527, at *3 (E.D. Cal. Mar. 18, 2026) (collecting cases). As Petitioner's proceedings before the Immigration Judge are ongoing—indeed, it is unclear if he has even had his first merits hearing on the application—he has shown there is not a significant likelihood that he will be removed in the reasonably foreseeable future. *See Asfestani v. Current or Acting Field Off.*, No. 1:25-CV-01562-SCR, 2025 WL 3677321, at *5 (E.D. Cal. Dec. 18, 2025) (finding existence of a pending application for withholding of removal "contributes to the showing that there is good reason to believe that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future").

Respondents have failed to rebut this showing. Indeed, their only argument appears to be that Petitioner's detention will eventually conclude following the denial of his withholding only application, or eventual removal to a Third Country if the Immigration Judge grants his withholding only application. ECF No. 5 at 4–5. But "[g]ood reason to believe does not place a burden upon the detainee to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Liu v. Casey*, No. 26-CV-00720-LL-DEB, 2026 WL 482863, at *5 (S.D. Cal. Feb. 20, 2026) (internal quotation marks omitted). The fact that Petitioner has just begun his withholding-only proceedings, and would be entitled to appeal any denial to the BIA and Ninth Circuit, suggests that adjudication on his application could take many more months, and possibly years. Under these circumstances, he is entitled to release.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Respondents' Motion to Dismiss (ECF No. 11) is DENIED.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents must IMMEDIATELY RELEASE Petitioner Ericsson Omar Alvarado Rodriguez from custody under an order of supervision.

4. Respondents are ENJOINED from re-detaining Petitioner absent compliance with statutory and constitutional protections, including a minimum of seven-days' pre-deprivation notice and strict compliance with the requirements of 8 C.F.R. §§ 241.13(i), 241.4(l).

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

**IT IS SO ORDERED.**

Dated: September 4, 2026

Noël Wise
United States District Judge